IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01045-KLM

DAMON ELLIS

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
WARDEN JOHN OLIVER, in his individual and official capacities,
DAVID K. ALLRED, DO, in his individual and official capacities, and
JOHN/JANE DOE 1-5, in their individual and official capacities,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Expand Time to File Response to Motion to Dismiss** [#33] ("Motion to Expand Time") and Defendants' **Unopposed Renewed Motion to Stay Discovery** [#34] ("Motion to Stay"). Plaintiff requests that the Court extend the deadline for him to file a response to Defendants' Motion to Dismiss to March 18, 2016. *Motion to Expand Time* [#33] at 1. Defendants do not oppose this motion. *Id.*

With respect to Defendants' Motion to Stay, Defendants renew their request that the Court stay discovery pending the Motion to Dismiss, as the Court vacated a stay of discovery previously due to Plaintiff filing an amended complaint and mooting the first Motion to Dismiss. *See Motion to Stay* [#34]; *see also Order Granting Stay* [#20]. Further,

Defendants request that the Court vacate the March 24, 2016 Scheduling Conference should it grant a stay.

The Court agrees with Defendants. The reasoning reflected in the November 4, 2015 Order applies with equal weight here. *See id.* In short, Defendants have moved for dismissal of the amended complaint based on lack of subject-matter jurisdiction and qualified immunity. *See Motion to Dismiss* [#32]. All of the factors[1] necessary for a stay weigh in favor of granting one here: namely, (1) by not opposing this motion, it is clear that Plaintiff is not prejudiced; and, (2) similarly, having moved for this relief, Defendants are clearly not burdened; (3) staying discovery while preliminary issues such as jurisdiction are resolved is more convenient for the Court; (4) there are no nonparties with significant interests in this case; and (5) the public interest factor weighs in favor of a stay as the public's only interest is a general interest in its efficient and just resolution, which is best served by granting a stay and potentially avoiding wasteful efforts by the Court. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#34] is **GRANTED**, and the Scheduling Conference set for March 24, 2016 is **VACATED** pending resolution of the Motion to Dismiss.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Expand Time [#33] is

---

[1] When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

**GRANTED**.  Plaintiff shall respond to Defendants' Motion to Dismiss no later than **March 18, 2016**.

Dated:  February 23, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge